**HASBANI & LIGHT, P.C.**
Danielle Light, Esq.
450 Seventh Avenue, Suite 1408
New York, New York 10123
Tel: (212) 643-6677
Email: dlight@hasbanilight.com
*Counsel for Plaintiff NDF1, LLC.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NDF1, LLC,                                                                Case No.

                                                                          **COMPLAINT**

                           Plaintiff,

                       -against -

SANTOS PORTILLO A/K/A SANTOS A. PORTILLO, CLAUDIA UMANZOR, MARIA UMANZOR A/K/A MARIA C. UMANZOR A/K/A MARIA UMANXOR, UNITED STATES OF AMERICA, CLERK OF THE SUFFOLK COUNTY TRAFFIC & PARKING VIOLATIONS AGENCY, NEW YORK STATE DEPARTMENT OF TAXATION & FINANCE, CLERK OF SUFFOLK COUNTY DISTRICT COURT, and JOHN DOE #1 through JOHN DOE #12, the last twelve names being fictious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons, or corporations, if any, having or claiming an interest in or lien upon the Subject Property described in the Complaint,

                           Defendant.
-------------------------------------------------------------------X

The Plaintiff, NDF1, LLC ("Plaintiff") by its attorneys Hasbani & Light, P.C., hereby alleges upon information and belief.

**NATURE OF THE ACTION**

1.    This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 et seq., to foreclose on a mortgage encumbering the property

commonly known as 1879 Peck Avenue, Bay Shore, New York 11706 (Suffolk County Tax Map as Section:158.00 Block: 02.00 Lot: 045.000) in the County of Suffolk, and State of New York (the "Property").

2. A copy of the Schedule A describing the Property in further detail is annexed hereto as **Exhibit A**.

## PARTIES

3. NDF1, LLC. ("NDF1" or "Plaintiff") is a limited liability company organized under the laws of the State of Florida. NDF1 is a limited liability company whose members are lawfully admitted for permanent residence in the United States and are domiciled in the State of Florida. For the purposes of diversity, NDF1 is a citizen of Florida.

4. Santos Portillo a/k/a Santos A. Portillo, upon information and belief, is a resident and citizen of the State of New York at 1879 Peck Avenue, Bay Shore, New York 11706. Santos Portillo is a necessary party to this action by virtue of the fact that he (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; and (iii) is a Mortgagor under the Mortgage. Copies of the Note and Mortgage are annexed respectively hereto as **Exhibit B** and **Exhibit C**.

5. Claudia Umanzor, upon information and belief, is a resident and citizen of the State of New York at 1879 Peck Avenue, Bay Shore, New York 11706. Claudia Umanzor is a necessary party to this action by virtue of the fact that she maintains an interest in the subject premises as evidenced by a Deed recorded with the Suffolk County Clerk's Office on March 30, 2021. A copy of the deed annexed hereto as **Exhibit D**.

6. Maria Umanzor a/k/a Maria C. Umanzor a/k/a Maria Umanxor, upon information and belief, is a resident and citizen of the State of New York at 1879 Peck Avenue, Bay Shore,

New York 11706. Maria Umanzor is a necessary party to this action by virtue of the fact that she maintains an interest in the subject premises as evidenced by a Deed recorded with the Suffolk County Clerk's Office on March 30, 2021. A copy of the deed annexed hereto as **Exhibit D**.

7. The United States of America is a necessary party to this action by virtue of the fact that the Internal Revenue Service is the holder of three tax liens against Maria Umanzor in the amount $32,016.27, $4,391.97 and $1,735.24. A copy of the Notices of federal tax liens are annexed hereto as **Exhibit E**.

8. The Clerk of the Suffolk County Traffic & Parking Violations Agency is a necessary party to this action by virtue of the fact that it is a judgment creditor who may hold a lien against defendant Maria Umanzor.

9. The New York State Department of Taxation & Finance is a necessary party to this action by virtue of the fact that it is a judgment creditor who may hold a lien against defendant Maria Umanzor.

10. The Clerk of the Suffolk County District Court is a necessary party to his action by virtue of the fact that it is a judgment creditor who may hold a lien against defendant Maria Umanzor.

11. Defendants "JOHN DOE #1" through "JOHN DOE #12" are additional parties being the tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the Property. *See* NY RPAPL §§ 1311, 1312 and 1313.

12. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

13. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

14. Venue is deemed proper in this district pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

15. On May 18, 2007, as evidence of a loan in the amount of $69,750.00 (the "Loan"), Santos A. Portillo executed and delivered to National City Bank (the "Lender") a note dated May 18, 2007 (the "Note). *See* **Exhibit B**. Pursuant to the terms of the Note, Santos A. Portillo promised to pay Lender, or the subsequent holder of the Note the principal sum of $69,750.00. *See* **Exhibit B**.

16. In order to collaterally secure the aforesaid Loan, Santos Portillo, on the same day, duly executed, acknowledged and delivered a mortgage to the Lender (the "Mortgage"). *See* **Exhibit C**. The Mortgage encumbers the Property. *See* **Exhibit C**. Said mortgage was recorded in the Suffolk County Clerk's Office on March 4, 2008, under Liber M00021677, Page 083.

17. The Note and Mortgage were subsequently assigned by physical transfer of the endorsed Note to Plaintiff. *See* **Exhibit B**.

18. Pursuant to the Mortgage, in any lawsuit for foreclosure, the Lender or its successors or assigns possesses the right to collect all costs and disbursements and additional allowances allowed by the applicable law and will have the right to add all reasonable attorneys'

4

fees to the amount Santos Portillo owes Lender or its successor-in-interest which fees shall become part of the sums secured. *See* **Exhibits B** and **C**.

19. The defendant, Santos Portillo, defaulted under the terms of the Note and Mortgage by failing to tender the payment due on January 1, 2009. (the "Default"). *See* **Exhibits B** and **C**.

20. The Note was then transferred to Plaintiff, the current owner of the Note by virtue of its physical possession of the wet ink Note. Therefore, Plaintiff is the holder and owner of both the Note and Mortgage on the date of the filing of this complaint. *See* **Exhibits B** and **C**.

21. On October 13, 2021, the Plaintiff complied with the contractual provisions in the Note and Mortgage by mailing a 30-Day Notice (the "Default Notice") to Santos Portillo advising of possible acceleration of the loan and continuing default under the Note and Mortgage together if not cured. Attached hereto as **Exhibit F** are copies of the Default Notice and proof of mailing.

22. On October 13, 2021, the Plaintiff complied with the requirements of RPAPL § 1304 by mailing a 90 Day Notice (the "90 Day Notice") to Santos Portillo advising of possible legal action if the default under the Note and Mortgage together was not cured. Attached hereto as **Exhibit G** are copies of the 90 Day Notices and proof of mailing.

23. The Plaintiff complied with the requirements of RPAPL § 1306 by completing a Step 1 information filing with the Department of Financial Services within three days of the filing the 90-day pre foreclosure notice. A copy of the Proof of Filing Statement is annexed hereto as **Exhibit H**.

24. Contemporaneously with the mailing of the 90 Day Notice, on May 19, 2021, NDF1 complied with the requirements of New York State's COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020 by mailing the Hardship Declaration and cover letter with

submission instructions to Santos Portillo. A copy of Plaintiff's Declaration of compliance with this statue, with exhibits, is annexed hereto as **Exhibit I.**

25. As of the date of this filing, Santos Portillo, failed to return an executed Hardship Declaration. *See*, **Exhibit I**.

26. Under the terms and conditions of the Note and Mortgage, the unpaid principal balance under the Note and Mortgage is $71,659.12. Plaintiff is also entitled to collect all unpaid interest and fees due under the Note and Mortgage.

27. During the pendency of this action, Plaintiff, in order to protect the lien of the Mortgage, may be compelled to pay sums due on prior mortgages, insurance premiums, tax assessments, water rates, sewer rates, and other expenses or charges affecting the Property described and Plaintiff prays that any such amounts so paid and so extended during the pendency of this action may be added to its claim and repaid from the proceeds of the sale of the Property together with interest thereon, from the date of making such expenditures, so that the same may be added to, and secured by, the Note and Mortgage.

28. The Note and Mortgage contain provisions entitling Plaintiff to recover attorneys' fees incurred in the prosecution of this action.

29. Plaintiff has complied with section 1306 of the Real Property Actions and Proceedings Law, and the Mortgage was originated in compliance with all provisions of section 595-a of the Banking Law and any rules or regulations promulgated there under, and, if applicable, sections 6-1 or 6-m of the Banking law.

30. Each of the above-named defendants has or claims to have some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of the Mortgages.

**WHEREFORE**, the Plaintiff demands judgment that the defendants herein and all persons claiming under them or any or either of them subsequent to the commencement of this action may be forever barred and foreclosed of all right, claim, lien and equity of redemption in the said Property; that the said premises may be decreed to be sold according to law in "as is" physical order and condition, subject to any covenants, easements, restrictions and reservations of record; any violations of record; any state of facts an accurate survey may show; any zoning regulations or amendments thereto; rights of tenants or persons in possession of the subject premises; any prior mortgage liens of record; any prior lien of record; and any advances or arrears hereunder; that this Court forthwith appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties; that monies arising from the sale may be brought into court; that plaintiff may be paid the amount due on said note and mortgage with interest to the time of such payment, attorney's fees, as set forth in the mortgage, the costs of this action and the expenses of said sale so far as the amount of such monies properly applicable thereto will pay the same; and that defendant may be adjudged to pay the whole residue, or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after the sale of the Property and the application of the proceeds pursuant to the provisions contained in such judgment, the amount thereof to be determined by the Court as provided in Section 1371 of the Real Property and Proceedings Law.

Dated: April 28, 2022
      New York, New York

                                            */s/ Danielle Light*
                                            Danielle Light, Esq.