UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NDF1, LLC,    Case No.: 22-CV-2534 (FB)(LGD)

                Plaintiff,    **ANSWER**

    -against-

SANTOS PORTILLO A/K/A SANTOS A. PORTILLO,
CLAUDIA UMANZOR, MARIA UMANZOR A/K/A
MARIA C. UMANZOR A/K/A MARIA UMANXOR,
UNITED STATES OF AMERICA, CLERK OF THE
SUFFOLK COUNTY TRAFFIC VIOLATIONS
AGENCY, NEW YORK STATE DEPARTMENT OF
TAXATION & FINANCE, CLERK OF SUFFOLK
COUNTY DISTRICT COURT, and JOHN DOE #1
Through JOHN DOE #12, the last twelve names being
Fictitious and unknown to plaintiff, the persons or parties
intended being the tenants, occupants, persons, or
corporations, if any, having or claiming an interest in or
lien upon the Subject Property described in the Complaint.

                Defendants.
------------------------------------------------------------------X

Defendant SUFFOLK COUNTY TRAFFIC AND PARKING VIOLATIONS AGENCY ("TPVA") s/h/a CLERK OF THE SUFFOLK COUNTY TRAFFIC AND PARKING VIOLATIONS AGENCY by its attorney, DENNIS M. COHEN, Suffolk County Attorney, by Jennean R. Rogers, Assistant County Attorney, answering the Plaintiff's Complaint ("Complaint"), states as follows:

## AS AND FOR AN ANSWER TO NATURE OF THE ACTION

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and respectfully refers all questions of law to the Court.

1

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

## AS AND FOR AN ANSWER TO PARTIES

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and respectfully refers all questions of law to the Court.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and avers that TPVA is a department of the County of Suffolk and is a judgment creditor by virtue of a judgment filed against Maria Umanzor.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

**AS AND FOR AN ANSWER TO JURISDICTION AND VENUE**

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and refers all questions of law to the Court.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and refers all questions of law to the Court.

**AS AND FOR AN ANSWER TO FIRST CAUSE OF ACTION**

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and refers all questions of law to the Court.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

31. That Defendant TPVA hereby makes a claim to any and all sums owed to Defendant TPVA, including any judgment liens found to be its favor that may arise out of the sale of the premises described in the complaint and which is the subject of this action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

32. That the sum chargeable upon any share to satisfy amounts owed to Defendant TPVA shall be paid subject to the order of the Court pursuant to RPAPL § 961.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

33. Defendant TPVA specifically reserves its right to move this Court by appropriate application for a judgment for all sums owed to Defendant TPVA and for such other and further relief as may be provided for by law.

**WHEREFORE,** the Defendant demands judgment for the sum chargeable upon any share to satisfy amounts owed to Defendant TPVA shall be paid to TPVA in its entirety, together with costs, fees, (including reasonable attorneys' fees) and disbursements incurred in defending this action and such other and further relief as the Court deems just and proper.

Dated: Hauppauge, New York
June 23, 2022

Dennis M. Cohen
Suffolk County Attorney
*Attorney for Defendant Suffolk County Traffic & Parking Violations Agency*
100 Veterans Memorial Highway
Hauppauge, New York 11788
(631) 853-6187

*Jennean R. Rogers*
By: Jennean R. Rogers
Assistant County Attorney

To: Danielle Light, Esq. (Via ECF and Mail)
    Hasbani & Light, P.C.
    450 Seventh Avenue
    New York, New York 10123